IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

       vs.                       *   CRIMINAL NO. MJG-13-0289

KIRK SIMS                         *

\*     \*     \*     \*     \*     \*     \*     \*     \*

MEMORANDUM AND ORDER

The Court has before it Petitioner's Motion To Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 65] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

On October 22, 2013, Petitioner pleaded guilty to committing a Hobbs Act robbery in violation of 18 U.S.C. § 1951. ECF No. 37. At sentencing on April 22, 2014, the Court determined that Petitioner was a career offender under U.S.S.G. § 4B1.1, based on two prior felony drug convictions. ECF No. 52. Petitioner was sentenced to 54 months of imprisonment, with credit for time served in federal custody, and three years of supervised release. ECF No. 51. Petitioner did not appeal his conviction or sentence.

On June 17, 2016, Petitioner – then represented by Paresh Patel at the Federal Public Defender's office – filed the instant Motion pursuant to 28 U.S.C. § 2255, seeking to have the sentence reduced based upon the Supreme Court decision in <u>Johnson v. United States</u>, 135 S.Ct 2551 (2015), which struck

down the Armed Career Act ("ACCA") residual clause as void for vagueness.  He claims that his prior offense of a Hobbs Act robbery no longer qualifies as a crime of violence, rendering the career offender determination erroneous.

On March 6, 2017, the Supreme Court decided in Beckles v. United States, 137 S.Ct. 886 (2017), that the Federal Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause stating:

> [T]he advisory Guidelines do not fix the permissible range of sentences.  To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.  Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.  The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Id. at 892.

After the Beckles decision, Mr. Patel withdrew as counsel for Petitioner on the instant motion.  ECF Nos. 72 and 73.  Since then, other attorneys with the Federal Public Defender's office have entered their appearances, presumably for the more recent violation of supervised release issues.  ECF Nos. 78 and 88.  On February 28, 2018, the Government filed its response [ECF No. 82] to the instant motion, relying upon the Beckles decision.  Petitioner has not replied to the Government's

response.

The Court is persuaded that, by virtue of the Beckles decision, the sentencing court did not erroneously find Petitioner to be a career offender and did not impose an erroneous sentence.

Accordingly, Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 65] is DENIED.

SO ORDERED, this Thursday, March 29, 2018.

                              _____/s/_____
                              Marvin J. Garbis
                              United States District Judge